Will the clerk please call the next case 324 0 1 6 3 Tony P. Keola Individually and as special administrator of the estate of Michael Wilkie deceased Eppley versus Church of God of prophecy of Wilmington appellant Mr. Zimmer you may proceed Thank you your honor May it please the court. My name is Bart Zimmer. I represent the Church of God of prophecy of Wilmington, Illinois a religious corporation under a special and limited appearance to contest jurisdiction and the core dispute in this matter revolves around the trial courts jurisdiction over the religious corporation And there's two main issues with that One is the identity of the church entity and whether the religious corporation is the same entity as the previously dismissed not-for-profit Corporation or NFP or whether it's a distinct entity Either way that this issue is resolved the religious corporation should be dismissed from this matter If it's the same entity then the prior dismissal applies to it as well since the two Entities would be one in the same or would be the same entity If it's a different entity, then the plaintiff never named the religious corporation in the complaint never filed account against the religious corporation Never issued a summons against the religious corporation And has no service they serve someone's with they served the Agent for the not-for-profit, but the only entity named in the complaint with that was the not-for-profit and Illinois case law is clear You say the only entity named in what in the affidavit in the summons or in the complaint in the complaint? The the only the only count in the complaint is against the not-for-profit The summons just says the Church of God of Wilmington, I believe which You know, it doesn't say not-for-profit. It doesn't say religious corporation. That's the name of the religious corporation though Isn't it? The religious corporation is the Church of God of Wilmington comma, Illinois a religious corporation although some of the bookkeeping on this is a little bit unclear the Entity was originally named as a religious corporation in 1988 in 2007 they The members of the board voted to change it to Lighthouse Ministries International Church, Inc Subsequently registered as a not-for-profit with Illinois then in 2009 it changed its name to the Church of God of Prophecy of Wilmington, Inc and it was then Registered as a not-for-profit under that name and it it's our position that the the religious corporation at that point it essentially gone away But if the religious corporation did remain around it still would have been under Presumably its initial name that with the comma, Illinois Represent the religious corporation. We do represent there. We've been asked to represent both We've been asked to represent the religious corporation just for the purposes of objecting to the jurisdiction in this matter Kind of going back to the complaint in the summons that there's no dispute that there's only one count against the Church of God of Prophecy and That count names it as a not-for-profit corporation It's clear that the plaintiff was proceeding it at the beginning of this case when they served the company or the entity against the not-for-profit When we originally came into the case for the not-for-profit corporation to overturn a default judgment We filed a petition to overturn that judgment obviously and in response to that the plaintiff filed a verified response which is in the record at C57 and in that verified response the plaintiff admitted that the Church of God Was a not-for-profit corporation. They were clearly going against the not-for-profit corporation During discovery we identified that there were potentially these two different entities that we were appearing only for the not-for-profit at that point Plaintiff never amended the complaint they could act, you know Once the petition to overturn the judgment was granted and they proceeded forward with the case They never amended their complaint to add different counts to name specifically the religious corporation For on c25 of the record, correct That's a single talent you're talking about first amendment complaint Yes C25 is where the count begins and then it's on C26 when they name it as a not-for-profit corporation or a non-profit corporation That's the only time they ever mentioned not-for-profit in any of their politics or in any of the paragraphs in that count, right? Yes, but they they never refer to a religious corporation agree And Illinois kind of going back to you know, the complaint and the summons, Illinois law is clear if you're gonna Bring counts or bring claims against separate entities. You need to bring separate counts under 735 ILC s 5 slash 2-603 me each separate entity Needs to have a separate count pleaded against it The rules on summonses are very clear that you need to have a separate summons on each entity And It's clear in this there's one summons and they continue to go forward for years of litigation Against the not-for-profit and it was only when that entity was dismissed that they said oh no Really we were also all the all along going against the religious corporation as well, but there's just no Record to support that in any way I think if we go back kind of the beginning of this there's you know, there's the two questions the identity of the church entity and then the naming of it in the complaint and this and the service against it and So if we look at the you know, the first question was the religious corporation the same corporation or the same entity as The not-for-profit if they're the same entity then the the prior dismissal applies to both of them, so however, if we resolve that as the same entity then They need to be dismissed and the court has no jurisdiction over them if we look at the the second issue whether the Religious corporation was ever if they're separate entities were they ever named in the complaint and were they ever served? with the summons and the the answer to that it is very clear that the only count in this complaint was against the not-for-profit and The plaintiff can't now go back and say, you know, really that count was against the religious corporation It was always against the not-for-profit the not-for-profit participated in this litigation for years The plaintiff in a verified response said that the entity that they were proceeding against was a not-for-profit They only had one count against the church I don't see any particular way that they can now go back and claim It was really the religious corporation. It can't be both in the same count It can't be both for the same summons, Illinois laws very clear on that and It's not just that we Can look at that, you know that one reference to the not-for-profit on I think it's a c26 in the record Of the complaint. It's you know, it's their verified response. It's How they proceeded in the litigation the entire time knowing that it was only the not-for-profit After the you know, the petition to overturn the judgment was granted and they Continued forward with the litigation at that point They filed another amended complaint. They didn't add any counts to name the The religious corporation which had been clearly identified at that point during discovery They never, you know issued an additional summons against them or asked, you know us to Accept service on behalf of them. They never named them in a complaint, you know They could have added a new count that specifically identified the religious corporation at that point and said they just went forward with the Same count that they always did then The not-for-profit was dismissed by the court and then they filed a motion to get a default judgment against the religious corporation for never having appeared when The religious corporation had never been served at that point Registered agent for the religious corporation was never served Not with a separate summons for the religious corporation with a summon so correct They were served with the summons With the complaint that named the not-for-profit It's the same agent so But you see it named the not-for-profit. It says Church of God of the Prophecy of Wilmington and unknown others, correct? Yes But when you go into the actual Count it says there. There are a nonprofit corporation and if they wanted to I I don't even know who the unknown others refers to I don't know if that's Separate board members or Anyone else But even if they had some confusion back when they filed the original complaint by the time the the petition to overturn the judgment was granted and They entered a another, you know amended complaint after that the issue that there were multiple entities was pretty clear though that There was this religious corporation under you know, the Illinois's religious corporation act They could have easily, you know amended the complaint at that point But there's never been a complaint that named the religious corporation. There's only been this Single count where they identified the not-for-profit in a verified response at one point They said that they were going against them the the nonprofit. I think however, we resolve this issue of Are the religious corporation and the not-for-profit the same entity? Ultimately we have to say that you know The religious corporation is either dismissed already because they're the same entity or they were never named in the complaint They there's no count against them. There's nothing in there referencing the religious corporation and They were never served with a summons You can't use the same count against two separate legal entities and you can't use the same summons against two separate legal entities and You know, I think it's a pretty straightforward You know Issue here where there's just no jurisdiction over the religious corporation if they truly are a separate entity Who's Ron Benji? I'm sorry Who's Ron Benji Ron Benji was the registered agent for both the religious corporation and the nonprofit? Is he a professional registered agent? I Of the church, I think the only thing he was the registered agent for I don't want to misrepresent that But that is my recollection Thank you I'm happy to answer any additional questions. The court has but I think I've addressed the points that I wanted to in my argument Any questions from the court I have not I Have one council that verified I thought you said c61 am I correct about that? C57 you're on 57 and can you tell me what paragraph that's in? If you have it at hand because c57 is actually just the verified response itself, so that's the beginning of it and I've been trying to find it here and I haven't found the particular response. You want me to look at it want us to look at And you know what you could come back to that when it's your time for I will address it in my response, thank you Yeah No further questions from the court then Thank you, you will have time and reply Alright Mr. Mueller Thank you May it please the court. My name is Matthew Mueller. I represent Tony Picola regards to this case Miss Picola filed a wrongful death action in Will County in regards to the death of her 15 year old son the allegations in the complaint were that Michael Wilkie her son was A guest at 1800 South Water Street, which is the church property that on December 26 2017 Jeff Urban was an employee of the Church of God of Prophecy of Wilmington that he lived at that property He was the pastor that he lived at that property with his wife and his child Carson Urban Carson on December 26 2017 heard a noise thought it was suspicious Grabbed his his dad's loaded assault rifle ran into a darkened portion of the church tripped over an extension cord The gun was on the appeal. Mr. Mueller. I think we're all well aware of the facts of the nature of your case Fair enough. The issue on appeal is what the issue is whether or not the well I guess the issue is whether or not the religious corporation and Became the not-for-profit corporation and if it didn't if we have proper service and The what it comes down to is if you actually if you look at the documents that are that are relevant to this case You will see that what the appellant is arguing is what they wish the facts showed instead of what the actual facts show so if you were to go to C0 2 1 9 that's the document that shows the religious corporation opening up as the Church of God of prophecy of Wilmington, Illinois in 1997 and this is document C 0 2 2 5 you will see that the property 1800 South Water Street was deeded to the religious corporate corporation the religious corporation in 2007 this is C 0 2 1 8 change its name to Lighthouse Ministries International Church Inc. So it is no longer the Church of God of prophecy of Wilmington, Illinois as mr Zimmer has claimed he's claiming that because he doesn't want the religious corporation and the not-for-profit Corporation to have identical names and identical agents because that's what what's actually going on here They are they are Entirely identical something that would never happen but for the fact that the Religious Corporation Act allows filings of documents in the Will County Recorder's office as opposed to the Secretary of State's office. So we have what we basically have here are Identical corporations identically run identically named running out of the same out of the same property in C 0090 we see Lighthouse Ministries Church is opened as a not-for-profit That document is only filed with the Secretary of State. That's where you would file a not for a not-for-profit However Then the next documents which happened in 2008 is a change of agent. They changed the agent from Richard Lang to Ron Benji This is C0206. And if you were to look at that document, you would see that there are two stamps on the document One of the stamps is the Secretary of State's stamp. The other stamp is the Will County Recorder's office stamp so if they were if as the appellant argues that this This entity that the Religious Corporation became the not-for-profit You will and they said that they did that in 2007 you wouldn't have this stamp right here You would not have to file this with the Will County Recorder's office. What they're doing is they're doing identical things with Corporation and Then the the documents probably the most relevant is C0202. Now, this is a change of name This is Lighthouse Ministries International Church Changing its name to the Church of God of Prophecy of Wilmington And once again, you have the Secretary of State stamp. It's filed with the Secretary of State. You also have the stamp for the Will County Recorder, so it's changing the name of the not-for-profit and changing the name of the Religious Corporation and it's changing them both to Church of God of Prophecy of Wilmington I say that because it's not Church of God of Prophecy of Wilmington, Illinois There is no name difference between the Religious Corporation and the not-for-profit They are the identically named agent Identically named and have identical names So the question is did they become one? Well if they became one entity why is it being these documents in 2009 being filed with both the Recorder's office and With the Secretary of State they wouldn't be If they were if they weren't if they were the same entity You'd have to see some sort of document where the not-for-profit took over the Religious Corporation There is no document that Does that and the Religious Corporation Act tells you how the procedures by which you have to change the Religious Corporation That's 805 ILCS 110 slash 36 that never happened So we have two corporations Run identically. This is a problem that that existed for a while because in in regards to other corporate other nonprofits because Originally the not-for-profit Act did not allow religious corporations to incorporate on the not-for-profit. So they They've started they use the Religious Corporations Act after the not-for-profit Act. I think it was in 1996 Allowed religious corporations to become not-for-profits a lot of religious corporations chose to open this up, but now they have dueling identical Corporations with the exact same name. So if you look at the summons on this complaint You will see that the entity that was served was in fact The Church of God of Prophecy of Wilmington not Illinois because that's the name of the Religious Corporation the name of both of them You'll see the person that was served was Ron Benji Identically named identically named person. Now there have been several Incorrect statements about the nature of the complaint because the appellant wants this court to believe that we always served the the Not-for-profit they have keep saying this is against the not-for-profit Look at the complaint. The complaint says it was a not-for-profit The complaint says the not it identifies that the not-for-profit was dissolved it's the complaint says that the regular and customary activities of the church continue So they're trying to make the argument that we don't have Service when we've served the exact right name and we have served the exact right registered agent They're trying they're saying well, that's because it was the not-for-profit That is what they want it to be because that's the only way they win but they're the problem with that is They're identical and the complaint makes it clear that we knew at the time of the filing complaint that the not-for-profit was Dissolved we knew that the entity continued to operate and we served the exact right name For that entity the idea that somehow this is bad service it They're they're trying to Utilize rules that are so that aren't associated with this exact set of facts Because nowhere else that I know of in Illinois law is there the possibility of identically named? Corporations existing Simultaneously, it can't happen. The Secretary of State does not allow two corporations to have identical names Here, however, because of this one little niche in the law, we have Identically named corporations. So the idea is the idea that oh we we intended to serve the Not-for-profit It's obvious from the complaint we intended to serve Whoever was operating church services out of that building 1800 South Water Street and because we served the registered agent They knew about this. So what's really going on here is the appellant is playing a You know a sleight-of-hand game or a you know a shuffle game. Well, you you try to serve me here Nope, not that one. You try to serve me here. No, not that one when in reality It's the it's the the summons is issued to the exact right entity and to the exact right person there It's valid service. There's just they don't get out of it because they created mirror images of the of the corporation and as a final point the it should be noted that the religious corporation has held this property the entire time So the the idea that the religious corporation doesn't it doesn't exist Doesn't doesn't fly into the circumstances in which they have held on to this property the entirety of the time now When you say held on do you mean were they the owners? Yes, so starting in 1996 or something. They were deeded the property. It's C 0 2 2 5 The Church of God of the prophecy of Wilmington, Illinois was was granted a warranty deed in 1997 for for this plot So, I mean just to be clear the the appellant's argument is you can't get a serve because we made it tricky and Tricky enough that you can't that you would need to issue summons for the exact same name to the to serve to the exact same person and I believe it's it. There's a the laws is fairly clear if I serve a Corporation, I don't even necessarily have to know that it is a corporation in order to be able to serve it I just have to get the right name so that I'm putting them on notice. They can't say they didn't get put on notice what what's going on here is they they They don't they want it to be the the not-for-profit because that allows it to get dismissed but religious corporations last forever they there isn't the rule associated with religion with not-for-profits where you have to file paperwork every year and you have to stay valid because The not-for-profit became not valid because they didn't file their paperwork the religious corporation of an identical name Is valid is valid because you don't have to take those steps every single leap every single year. So what they're left with is Two corporations identically run identically named one of them was valid and we said we were suing the people that operated There is a procedure though that you had Referred to earlier to dissolve under the RC Act So it's not a it doesn't specifically mention dissolving but it mentions any amendment to the religious corporation and that's 805 ILC s 110 slash 36 and that's important because if they did Want to change this religious corporation into a not-for-profit you they would have to follow though those procedures We're all lawyers here. It's kind of like I'm not allowed to go out of my office and yell I declare bankruptcy and now I've declared bankruptcy You have to follow the procedure that's set in statute and they never followed the procedure to close down the religious corporation don't you anticipate that they're going to argue that that was the very act that they made by Forming a not-for-profit and then recording it in the will County recorders office So that would that would it would be that this is kind of more of intent than any than anything else But if they really intended to only have a non-for-profit They would not have filed the change of name with the with the will County recorder There is zero reason once they've opened the not-for-profit if they really did intend to somehow Join them together into one entity They would not have in 2009 filed this with the will County recorder this document and it's C 0 2 0 2 Shows a an explicit intent to keep both of these entities open and valid And quite frankly it doesn't really matter if they intended to or what their intention was they have to follow Procedures may I declare bankruptcy statement if you're going to close down a corporation You have to follow the rules associated with closing down the corporation As outlined by the statute. Thank you any questions Any questions bench? I? Don't have any further. Thank you Thank you Mr. Zimmer you may reply. Yes, I found that reference I had the page number on the the verified response starts at page 57 it's at paragraph 11 on page 59 when they admit that the Church of God of Prophecy was a not-for-profit corporation Thank you council and You know the plaintiff just made reference to you know, the religious corporation Still holds the property and made reference to c2 to 5 which is the warranty deed which Continues with the name the Church of God of Prophecy of Wilmington comma, Illinois So, I mean this idea the It's Only operates under this, you know, comma Wilmington name. I don't quite see but the issue here is again If plaintiff was aware that there was a religious corporation and a not-for-profit Corporation and they wanted to proceed against the dissolved Not-for-profit, they filed against them. They clearly named account against them. They said they were a not-for-profit If there's a separate entity out there That's a religious corporation that they also want to name even if it has the same name a similar name Name account against them make a reference to them At any point in the complaint they never do that The Only way plaintiff can proceed forward against the religious corporation at this point is if they are separate legal entities and The question on you know, whether they are separate entities or not That needs to be resolved first and I I think you know Counsel has referenced, you know, they changed the name The court said but wasn't that when they've changed into the not-for-profit. I believe it was If they didn't follow all the formalities that and they are truly two separate corporations still Then the plaintiff needs to file account naming the religious corporation There is nothing in this complaint that makes any reference to a religious corporation It doesn't say the Church of God of Prophecy was ever a religious corporation It just refers to the not-for-profit if they wanted to name both entities in the complaint then they needed to name both entities in the complaint and they needed to Name them in separate counts if they're separate legal entities if they're the same legal entity Then the religious corporations already been dismissed if they're different legal entities Then the religious corporation was never named in the complaint and they were never served with a summons Even if they have the same registered agent, the only thing in here named in this complaint is the not-for-profit corporation and the plaintiff said they were proceeding against the not-for-profit corporation in their verified response and This could have all been resolved that they would have just named the religious corporation after the default judgment was overturned and we could have gone forward with two separate counts against two separate entities and Dealt with it that way But instead they only continued their complaint against the not-for-profit The only time they made any reference to the court About the religious corporation was after the not-for-profit had already been dismissed and then they moved for this default judgment but there was Nothing in the history of this case about the religious corporation other than us Identifying it during discovery. You can't so the same page that you referred me to earlier c26 27 paragraph of the complaint c26 That's right after your reference to the not-for-profit. They state that it was dissolved Church of God the prophecy of Wilmington as involuntary resolves at the time of the incident Yeah, they're aware and they got a default judgment against that entity They didn't get a default judgment against the religious corporation at the same time if they really thought there were two separate entities Why did they only get a default judgment against an not-for-profit? My point is that they knew that it was dissolved. Yes, or it's involuntary. Yes I don't have anything to add if the court has any further questions in the limited time remaining Any further questions from the court or questions from the court? No, I don't believe there are mr. Zimmer. Thank you. All right. Thank you Thank You mr. Zimmer mr. Mueller for your arguments in this matter this morning It will be taken under advisement a written disposition will issue The clerk of our court now will escort you out of our remote courtroom at this time Thank you, nice day. Thank you gentlemen